| | |
|---|---|
| ELI VIGIL CLAROS, | |
| Petitioner, | CIVIL ACTION NO. 3:26-cv-00204 |
| v. | (MEHALCHICK, J.) |
| JESSICA SAGE, Warden of FCI Lewisburg; MICHAEL T. ROSE, Acting Director of Enforcement and Removal Operations Philadelphia Field Office of U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, | |
| Respondents. | |

**ORDER**

**AND NOW**, on this 29th day of January 2026, in consideration of Petitioner Eli Vigil Claros's ("Claros") petition for writ of habeas corpus (Doc. 1), the Court finds the following and **ORDERS**:

1. Claros filed the instant petition on January 28, 2026, requesting that he be released from custody at the Lewisburg Federal Correctional Institution in Lewisburg, Pennsylvania or that Respondents Jessica Sage, Michael T. Rose, Kristi Noem, and Pamela Bondi (collectively, "Respondents") provide an individualized bond hearing pursuant to 8 U.S.C. § 1226 within seven days. (Doc. 1).

2. According to Claros, Respondents are detaining him and denying him a bond hearing pursuant to 8 U.S.C. § 1225(b), which provides that noncitizens who entered the United States without admission or parole are subject to detention throughout the completion of applicable proceedings. (Doc. 1, at 22).

3. Claros avers that because he has been residing in the United States for over seven years, he can only be detained pursuant to § 1226, under which he is entitled to a bond hearing. (Doc. 1, at 12, 15-16).

4. Courts in the Third Circuit have found that § 1226, not § 1225(b)(2) , applies to noncitizens who previously entered the country and have been residing in the United States for an extended period of time before being apprehended and placed in removal proceedings. *See Cantu-Cortes v. O'Neill*, No. 25-CV-6338, 2025 WL 3171639 at 1-2 (E.D. Pa. Nov. 13, 2025); *see also Alexey Kashranov v. J.L. Jamison, et al.*, No. 2:25-CV-05555, 2025 WL 3188399 at 5 (E.D. Pa. Nov. 14, 2025); *see also Del Cid v. Bondi*, No. 3:25-CV-00304, 2025 WL 2985150 at 14-17 (W.D. Pa. Oct. 23, 2025); *see also Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572 at 4-7 (D.N.J. Oct. 22, 2025); *see also See Quispe v. Rose*, No. 3:25-CV-02276, 2025 WL 3537279, at *6 (M.D. Pa. Dec. 10, 2025).

5. Courts in the Third Circuit have further found that noncitizens detained pursuant to § 1226 are generally entitled to a bond hearing. *See Cantu-Cortes*, 2025 WL 3171639 at 2; *see also Alexey Kashranov*, 2025 WL 3188399 at 8; *see also Del Cid*, 2025 WL 2985150 at 18; *see also Bethancourt Soto*, 2025 WL 2976572 at 9.

6. Claros shall make immediate and proper service of the petition for writ of habeas corpus (Doc. 1) and this Order on Respondents.

7. **RESPONDENTS SHALL NOT TRANSFER CLAROS WITHOUT FURTHER ORDER OF THE COURT**.

8. Respondents shall file their response to Claros's petition on or before **WEDNESDAY, FEBRUARY 4, 2026**. *See Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *3-*4 (D.N.J. March 9, 2017) (citing Habeas Rule 4 advisory committee's note to 1976 adoption) (finding Habeas Rule 4 applies to habeas cases brought under 28 U.S.C. § 2241 and controls over the rigid time requirements set forth in 28 U.S.C. § 2243, giving district courts discretion to fix a time limit for respondents to respond to a habeas petition).

**BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**